IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALVARO ALVARADO and MARIA DEL ROSARIO TOBIAS** §§§<br>§<br>    Plaintiffs,   §<br>§<br>vs.   §§<br>§<br>**AVENTIS INC.,** for its Desenex line of products; §§<br>**BARRETTS MINERALS INC.;** §<br>**BAYER CONSUMER CARE HOLDINGS** LLC f/k/a BAYER CONSUMER CARE LLC f/k/a MSD CONSUMER CARE, INC., for its Dr. Scholl's line of products; §§§§§§§<br>**BRENNTAG NORTH AMERICA, INC.** (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); §§§§§§§<br>**BRENNTAG SPECIALTIES, LLC** f/k/a BRENNT AG SPECIAL TIES, INC. f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITT AKER CLARK & DANIELS, INC.); §§§§§§§<br>**CLINIQUE LABORATORIES, INC.,** a subsidiary of THE ESTEE LAUDER COMPANIES INC.; §§§<br>**COLOR TECHNIQUES, INC.;** §<br>**COSMETIC SPECIALTIES, INC.** (sued individually and formerly d/b/a G&G SPECIALTY PRODUCTS CO.); §§§<br>**CROWN LABORATORIES, INC.** for its Desenex line of products; §§<br>**DR. SCHOLL'S LLC;** §<br>**ESTEE LAUDER, INC.,** a subsidiary of THE ESTEE LAUDER COMPANIES, INC. for its Clinique line of products; §§§<br>**THE ESTEE LAUDER COMPANIES, INC.** (sued individually and for Len-Ron §§ | Case No. 3:21-cv-1850 |

| | |
|---|---|
| Manufacturing Co. Inc.) for its Clinique line of products; **FIESTA MART, L.L.C.;** **FISONS CORPORATION,** for its Desenex line of products; **GSK CONSUMER HEALTH, INC.** f/k/a NOVARTIS CONSUMER HEALTH INC. f/k/a CIBA SELF-MEDICATION, INC., for its Desenex line of products; **L'OREAL USA, INC.;** **MAYBELLINE LLC;** **MERCK & CO., INC.,** for its Dr. Scholl's line of products; **NOVARTIS CORPORATION** (sued individually and as a successor-in-interest to CIBA-GEIGY CORPORATION and its subsidiaries CIBA CONSUMER PHARMACEUTICALS and CIBA SELF-MEDICATION, INC.), for its Desenex line of products; **PFIZER INC.;** **PRESPERSE CORPORATION;** **PRESPERSE INTERNATIONAL CORP;** **PTI UNION, LLC** a/k/a PHARMA TECH INDUSTRIES, for its Desenex line of products; **REVLON CONSUMER PRODUCTS CORPORATION;** **SANOFI-AVENTIS U.S. LLC** (sued individually and as successor by merger to AVENTIS PHARMACEUTICALS INC.), for its Desenex line of products; **SCROLL'S WELLNESS COMPANY LLC,** for its Dr. Scholl's line of products; **SPECIALTY MINERALS INC.** (sued individually and as a subsidiary of MINERALS TECHNOLOGIES INC.); and **WHITTAKER CLARK & DANIELS, INC.,**     **Defendants.** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332, §1441, and §1446, Defendants Revlon Consumer Products Company ("Revlon") by and through its attorneys, HAWKINS PARNELL & YOUNG LLP, file this Notice of Removal based on diversity of citizenship and amount in controversy, and would respectfully show the Court as follows:

### I. INTRODUCTION

1.1     On June 29, 2021, Plaintiffs filed their First Amended Petition in the matter *Alvaro Alvarado and Maria Del Rosario Tobias vs. Aventis Inc., et al.*; Cause No. DC-21-07664, in the 160th Judicial District Court of Dallas County, Texas (the "State Court Action").[1]  In that petition, which is the live petition at the time of this Notice, Plaintiffs assert various personal injury claims against Defendants abased on injuries allegedly caused by or arising out of exposure to products allegedly manufactured, marketed, used, owned, distributed, sold, or specified by Defendants.

### II. TIMELINESS OF REMOVAL

2.1     Revlon was served with this lawsuit on or about July 21, 2021.  Revlon is therefore filing this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).  *See Board of Regents of Univ. of Texas System v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

### III. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

3.1     Removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §1332(a).  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named

---

[1] Attached as "Exhibit B-2"

Defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005).

### A. Diversity

3.2     Here, the parties are completely diverse.  Plaintiffs Alvaro Alvarado and Maria Del Rosario Tobias are citizens of Texas because that is where they domiciled.  *See Preston v. Tenet Healthsystem Memorial Med. Center*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

3.3     Revlon is a corporation organized and incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.  It is therefore a citizen of Delaware and New York.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317 (2006) ("…under 28 U.S.C. §1332(c)(1), a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business.'").

3.4     Defendant Aventis Inc. is a Pennsylvania corporation with its principal place of business in the State of New Jersey.

3.5      Defendant Barretts Minerals Inc. is a Delaware corporation with its principal place of business in the State of Montana.

3.6     Defendant Bayer Consumer Care Holdings LLC. is a Delaware corporation with its principal place of business in the State of Tennessee.

3.7     Defendant Beyer Healthcare LLC is a Delaware corporation with its principal place of business in the State of New York.

3.8     Defendant Brenntag North America, Inc. is a Delaware corporation with its principal place of business in the State of Pennsylvania.

3.9     Defendant Brenntag Specialties, LLC is a Delaware corporation with its principal place of business in the State of New York.

3.10    Defendant Clinique Laboratories, Inc. is a Delaware corporation with its principal place of business in the State of New York.

3.11    Defendant Clinique Laboratories, LLC is a New York corporation with its principal place of business in the State of New York.

3.12    Defendant Color Techniques, Inc. was a New Jersey corporation with its principal place of business in the State of New Jersey.

3.13    Defendant Cosmetic Specialties, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey.

3.14    Defendant Crown Laboratories, Inc. is a Delaware corporation with its principal place of business in the State of Tennessee.

3.15    Defendant Dr. Scholl's LLC is a Delaware corporation with its principal place of business in the State of Illinois.

3.16    Defendant Estee Lauder, Inc. is a Delaware corporation with its principal place of business in the State of New York.

3.17    Defendant The Este Lauder Companies, Inc. is a Delaware corporation with its principal place of business in the State of New York.

3.18    Defendant Fisons Corporation is a New York corporation with its principal place of business in the United Kingdom.

3.19    Defendant GSK Consumer Health, Inc. is a Delaware corporation with its principal place of business in the State of New Jersey.

3.20    Defendant L'oreal USA, Inc. is a New York corporation with its principal place of business in the State of New York.

3.21    Defendant Maybelline LLC is a Delaware corporation with its principal place of business in the State of Tennessee.

3.22    Defendant Merck & Co., Inc. is a New Jersey corporation with its principal place of business in the State of New York.

3.23    Defendant Novartis Corporation is a Delaware corporation with its principal place of business in the State of New York.

3.24    Defendant Pfizer Inc. is a Delaware corporation with its principal place of business in the State of New York.

3.25    Defendant Presperse Corporation is a Delaware corporation with its principal place of business in the State of New Jersey.

3.26    Defendant Presperse International Corp. is a Delaware corporation with its principal place of business in the State of New Jersey.

3.27    Defendant PTI Union, LLC is a Delaware corporation with its principal place of business in the State of Missouri.

3.28    Defendant Sanofi-Aventis U.S. LLC is a Delaware corporation with its principal place of business in the State of New Jersey.

3.29    Defendant Scholl's Wellness Company LLC is a Delaware corporation with its principal place of business in the State of New Jersey.

3.30    Defendant Specialty Minerals Inc. is a Delaware corporation with its principal place of business in the State of New York.

3.31 Defendant Whittaker Clark & Daniels, Inc. was a New Jersey corporation with its principal place of business in the State of New Jersey.

3.32 While Plaintiffs have also named Fiesta Mart, L.L.C. ("Fiesta Mart"), and while Plaintiffs assert that Fiesta Mart maintains its principal place of business in Texas, (Compl., ¶ 18), Fiesta Mart (as explained in more detail below) has been fraudulently joined in this action and its citizenship should be disregarded for purposes of diversity jurisdiction.

3.33 Accordingly, there is complete diversity of citizenship between Plaintiffs and the properly joined Defendants, thus removal is proper.1 28 U.S.C. §§ 1332(a), 1441(a).

### B. Amount in Controversy

3.34 Plaintiffs specifically allege in the State Court Action that they seek monetary relief of over $1,000,000.00. This unequivocally satisfies the requirements of 28 U.S.C. §1332(a). Accordingly, the amount-in-controversy requirement for removal based on diversity jurisdiction is satisfied.

### IV. PLAINTIFFS HAVE FRAUDULENTLY JOINED FIESTA MART THUS ITS CITIZENSHIP SHOULD BE DISREGARDED

4.1 The inclusion of Fiesta Mart in the case cannot defeat diversity jurisdiction because Fiesta Mart was fraudulently or improperly joined. It is a familiar proposition in the Fifth Circuit, as elsewhere, that fraudulently joined defendants must be ignored in assessing whether the complete diversity requirement of federal diversity jurisdiction is met. See, e.g., *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) (citizenship of fraudulently joined defendants should not be considered in determining propriety of removal); *Arzehgar v. Dixon*, 150 F.R.D. 92, 94 (S.D. Tex. 1993). The term fraudulent joinder is actually a misnomer, because the jurisdictional doctrine does not

generally require proof of fraud. See, e.g., *Burden*, 60 F.3d at 217; *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 n.1. (5th Cir. 2004) (doctrine referred to as doctrine of "Improper joinder"). Rather, to establish fraudulent joinder, a defendant must show that there is no reasonable basis for predicting that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood*, 385 F.3d at 573 n.9.

4.2     Defendant Revlon contends that Fiesta Mart has been fraudulently joined in this litigation with the sole purpose of depriving Defendants of their right to a federal forum. In determining whether there has been fraudulent joinder in this case, the Court should consider the legitimacy and legal viability of the claims against Fiesta Mart, given the legal protections afforded to a Defendant like Fiesta Mart, which is simply a pass-through retailer of consumer cosmetic products, and the factual circumstances pled in support of the claims.[2]

4.3     Here, there is no reasonable basis for predicting that Plaintiffs might be able to recover against Fiesta Mart.  The allegations against Fiesta Mart are simply that they sold the asbestos containing products manufactured by others to Plaintiffs. (Compl., ¶ 35 and 45).

4.4     Under Texas law, Fiesta Mart is an innocent retailer and, therefore, not liable.  On July 1, 2003, the Texas Legislature eliminated liability for innocent product retailers or wholesalers. See Tex. Civ. Prac. & Rem. Code §82.003 (Vernon's Supp. 2004); *New Texas Auto Auction Services, L.P.v. Gomez De Hernandez*, 249 S.W.3d 400, 405 (Tex. 2008) ("To the extent chapter 82 addresses product claims generally [in §82.003], it reflects a legislative intent to restrict liability for defective products to those who manufacture them."); *Owens & Minor, Inc. v. Ansell Healthcare Products, Inc.*, 251 S.W.3d 481,491 (Tex. 2008) ("The whole idea was that innocent retailers would not be sued at all in products cases, as the Legislature made clear in its 2003

---

[2] Defendants anticipate that Fiesta Mart will file a motion to dismiss following removal to this Court. That motion and all arguments made within are fully incorporated here.

amendments [§82.003].") (Brister, J., concurring); *Manchester Tank & Equipment Co. v. Engineered Controls Intern.*, Inc., 311 S.W.3d 573, 575 (Tex. App. - Waco, 2009, pet. denied) ("Chapter 82 of the Texas Civil Practice and Remedies Code was added by the legislature to protect innocent sellers from products liability suits unless they had significantly and intentionally participated in the design or production of the product.").

4.5   In short, the Court should consider whether Fiesta Mart truly belongs in this case, given that it did not manufacture the products at issue, and that it is clear (from the Complaint, and as a matter of common knowledge) that Fiesta Mart does nothing more than provide shelf space for the retail of consumer products. There exists no reasonable basis in fact or law supporting Plaintiffs' claims against Randall's, the only non-diverse Defendant in this case.

## V.   OTHER PROCEDURAL REQUIREMENTS

5.1   Revlon files this Notice of Removal in the United States District Court for the Northern District of Texas, Dallas Division, which is the district and division within which the State Court Action was pending.  *See* 28 U.S.C. §1441(a), §124(a)(2).

5.2   Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiffs' counsel, as required by 28 U.S.C. §1446(d).

5.3   Revlon will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Dallas County, Texas, where the State Court Action was pending, as required by 28 U.S.C. §1446(d).

5.4   By removing this action to this Court, Revlon expressly reserves and does not waive any defenses, objections, or motions under state or federal law.

5.5   Revlon reserves the right to amend or supplement this Notice of Removal.

5.6     Moreover, in accordance with Local Rule 81, this Notice of Removal is accompanied by the following documents:

1. An index of matters being filed (Exhibit A);

2. All State Court Documents (Exhibit B);

3. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit C); and

4. Defendant Revlon Consumer Products Corporations' Rule 7.1 Corporate Disclosure Statement (Exhibit D).

## VI.    CONCLUSION & PRAYER

**WHEREFORE, PREMISES CONSIDERED,** having established all of the prerequisites for removal under 28 U.S.C. §1441 and §1446, including all jurisdictional requirements rendering removal is proper pursuant to 28 U.S.C. §1332, Defendant Revlon prays it may affect the removal of this action from the District Court of Dallas County, Texas to the Northern District of Texas, Dallas Division, and for any such other and further relief to which it may show itself justly entitled, either general or specific, at law or in eq

Respectfully submitted,

**HAWKINS PARNELL
    & YOUNG LLP**

By: *Kimberly Solomon*
KIMBERLY SOLOMON
State Bar No. 24081384
ksolomon@hpylaw.com
2705 Bee Caves Road, Suite 220
Austin, Texas 78746
512-687-6900
512-687-6990 Fax

**ATTORNEYS FOR DEFENDANTS
REVLON CONSUMER PRODUCTS
CORPORATION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of August, 2021, a true and correct copy of the above and foregoing instrument has been emailed to the following:

Jennifer Montemayor
State Bar No. 24098129
SIMON, GREENSTONE, PANATIER, CP
1201 Elm Street, Suite 3400
Dallas, Texas 75270
(214) 276-7680
(214) 276-7699 fax
jmontemayor@sgptrial.com

**Attorneys for Plaintiffs,**
**Alvaro Alvarado and Maria Del**
**Rosario Tobias**

Todd D. Ogden
State Bar No. 00794387
Maron Marvel Bradley Anderson
 & Tardy LLC
2001 Bryan Street, Suite 3050
Dallas, Texas 75201-3008
togden@maronmarvel.com
(214) 736-9608
(469) 206-5501 fax

**Attorneys for Defendant,**
**Whittaker Clark & Daniels, Inc.**

                                            *Kimberly Solomon*
                                            Kimberly Solomon